UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT CHARBONNET                                          CIVIL ACTION
                                                           NO. 07-1366

VERSUS

BRYANT HAMMETT, ET AL.                                     SECTION M

## ORDER

Before the Court is Defendants' Motion to Dismiss which is opposed by plaintiff and which came for hearing on July 25, 2007, on the briefs. After consideration of the motion, the briefs and the applicable law, the Court grants the motion.

**FACTS:**

The suit concerns a .492-acre tract of land owned by plaintiff, Robert Charbonnet, located near Slidell, Louisiana, off U.S. Highway 90 near the Middle Pearl River.

In 1984, the State of Louisiana through the Department of Wildlife and Fisheries (DWF) acquired 6100 acres from the Iwanta Limited Partnership (Iwanta) which property was established as the Pearl River Wildlife Management Area (PRWMA). Iwanta reserved the .492-acre tract from the transfer, but did not reserve any right of access over the transferred property to this excepted lot. The property was encumbered with a right of way to the State Highway Commission, executed in 1932. This right of way granted the State

Highway Commission the right to construct and maintain the Rigolets-Pearlington Highway, which is now U.S. Highway 90. A portion of that right of way is allegedly used by the public as a boat launch and dock.

Charbonnet purchased the enclosed tract in March, 2005 for $45,000, from Iwanta with the intention of developing the property as "The Middle of Nowhere Eco-Tours", a swamp tour business. The transfer was not contingent upon the buyer's ability to transform the property into a commercial property, nor was the transfer contingent upon the acquisition of all necessary permits to establish such a commercial venture.

Charbonnet applied for permits from the appropriate state, local and federal regulatory agencies. He submitted an application for a coastal use permit to the Louisiana Department of Natural Resources (DNR), through the Office of Coastal Restoration and Management (OCRM). OCRM sought input form the DWF, who objected to the proposed use of the property. By letter dated August 15, 2005, Charbonnet was advised that his application was denied. Charbonnet met with DWF, and on January 9, 2006, received a letter from one of the defendants, offering to grant access to his property from the highway, provided that the "access shall be limited to private purposes only and no commercial activities will be permitted along this access."

Charbonnet brought this action on March 22, 2007, against the DWF and several of its former and current officers, namely, Secretary Bryant Hammett, former Secretary Dwight Landreneau and Assistant Secretary W. Park Moore III, in both their individual and official capacities. The Petition asserts claims under the Civil Rights Act, for due process

violations and for a taking without just compensation. He seeks declaratory and injunctive relief.

**ANALYSIS:**

    **I.**    **Individual Capacity - Qualified Immunity**

Public officials are immune from civil rights claims if they act in good faith. See U.S.C. §1983. The Court finds that the three DWF employees acted in good faith in their denial of the permit to Mr. Charbonnet. In their initial correspondence with the DNR, the DWF outlined five reasons for denying the permit. They reiterated these reasons to Charbonnet in at least one meeting and in several letters. Indeed, they attempted to negotiate a servitude of access for Mr. Charbonnet to access his property across the PRWMA at a reasonable price. Under the circumstances, this was not conduct that violated Charbonnet's constitutional rights. Accordingly, this Court finds that the defendant's actions were reasonable, and therefore, they are entitled to qualified immunity.

    **II.**    **Official Capacity**

A suit against a government official in his official capacity is treated as a suit against the entity. Defendants are employees or former employees of the DWF, a state agency. Official capacity claims against them are treated as claims against the state. *See* Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

The Eleventh Amendment bars litigants from suing a state or state agency in federal court. Hughes v. Swell, 902 F.2d 376, 377-78 (5th Cir. 1990).

Further, Louisiana provides by statute that no suit against the state or a state agency or a political subdivision shall be instituted in any court other than a Louisiana state court. *See* La. Rev. Stat.13:5106(A).  Thus, Charbonnet is barred from bringing his state and federal claims in this Court.

Accordingly, the Motion is **Granted,** and all claims against the Defendants are **Dismissed** with prejudice.

New Orleans, Louisiana, this  1st  day of August, 2007.

_____
Peter Beer
United States District Judge